**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **THERESA D. ROYAL,** | * | |
|     **Plaintiff,** | * | |
| v. | * | Case No.: DLB-22-1490 |
| **JUDGE ROBIN D. GILL BRIGHT,** *et al.*, | * | |
|     **Defendants.** | * | |

**MEMORANDUM**

On June 17, 2022, self-represented plaintiff Theresa D. Royal filed a complaint in this Court and paid the full filing fee. For the reasons that follow, the complaint must be dismissed.

This Court has the inherent authority to dismiss a complaint *sua sponte* if the allegations are frivolous. *See Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court's authority to dismiss frivolous claims "even in the absence of [a] statutory provision"); *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) (unpublished) (mem.) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (same); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (same); *Smith v. U.S. Dep't of Def.*, No. ELH-21-1836, 2021 WL 3367821, at *1 (D. Md. Aug. 3, 2021); *Ausar-El v. Hogan*, No. PJM-19-3040, 2020 WL 1187139, at *1 (D. Md. Mar. 11, 2020). *Cf.* 28 U.S.C. § 1915(e)(2) (requiring screening of complaints and dismissal of frivolous claims when plaintiffs proceed in forma pauperis). A claim "is frivolous where it lacks an arguable basis either in law or in fact," as the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325

(1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015).

Ms. Royal asks the Court to issue an order to stop foreclosure and eviction proceedings in Maryland state court.  ECF 1.  She names Judge Robin D. Gill Bright, Attorney Edward S. Cohn, CSMB Investments, LLC, and Judge Michael R. Pearson as defendants.  She claims the state court lacks subject matter jurisdiction because, in her view, attorneys cannot state facts in pleadings or in court proceedings, and therefore the state court pleadings are insufficient to give rise to the state court's jurisdiction over the matter.  *Id*. at 2–3.  Additionally, she claims the "promissory note used to gain the court's jurisdiction is fraudulent [because] the document is being used in court as a security when it was never registered."  *Id*. at 8.  Ms. Royal also asserts that "contracts requiring lawful money are illegal pursuant to Title 31 USC § 5118(d)(2)," and a commercial instrument "must be secured by a maritime lien on your prepaid trust account recorded at the county and registered on a UCC1."  *Id.* at 6.  She adds that "debt collectors can legally only deal with fictions of law, such as corporations or 'persons.'"  *Id*.[1]

Ms. Royal's claim has no basis in law. This Court cannot grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  This law, which is known as the Anti-Injunction Act, also limits this Court's power to issue an injunction

---

[1] On December 1, 2020, Ms. Royal removed the state court eviction proceeding to this Court.  *See Royal v. All Occupants*, Civil Action No. TDC-20-3472 (D. Md. 2020) (removal of *CSMB Investments, LLC v. Royal*, Civil Case No. CAL20-14699 (Prince George's Cnty. Cir. Ct. 2020)) (hereinafter "*Royal I*").  Counsel for CSMB Investments filed correspondence in *Royal I*, explaining that Ms. Royal "lost the subject property through foreclosure, and refused to turn over possession to [CSMB], the new owner."  ECF 16 in *Royal I*.  This Court remanded *Royal I* to the state court because Ms. Royal failed to show that this Court had diversity or federal question jurisdiction.  ECF 17 in *Royal I*.

against a party to litigation in a state court. As Ms. Royal only seeks to enjoin state court proceedings against her and does not otherwise state a federal claim, the complaint—even when read in the light most favorable to her—fails to provide any non-frivolous information that might lead to a reasonable conclusion that Ms. Royal has some plausible cause of action. Therefore, the complaint shall be dismissed pursuant to this Court's inherent authority. A separate order follows.

September 8, 2022
Date

_____
Deborah L. Boardman
United States District Judge